CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 10 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DENARD DARNELL NEAL, | CASE NO. 7:19CV00139 |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| WARDEN, USP LEE, | |
| | By: Hon. Glen E. Conrad |
| Respondent. | Senior United States District Judge |

The petitioner, a federal inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging due process violations during disciplinary proceedings at the United States Penitentiary Lee County ("USP Lee"). The respondent has filed a motion to dismiss that the court will separately address, once the petitioner has had an opportunity to respond. After review of the record, the court concludes that the petitioner's separate motion seeking a temporary restraining order and a preliminary injunction is not properly filed in a habeas action and must be denied.

In the petitioner's motion for interlocutory injunctive relief, he contends that Federal Bureau of Prisons ("BOP") officials have engaged in a pattern of planting drugs or weapons on him to retaliate against him for filing grievances. He describes two past instances at a BOP facility in California in which he incurred disciplinary infractions for possession of drugs and a weapon, only to have those infractions expunged on appeal. He also tells of a similar infraction he received in 2018 at USP Lee, when a an officer reported finding a weapon in the petitioner's locker. That infraction was expunged on appeal. The petitioner also states that past incidents of correctional officials in California using force against other inmates have caused him to fear that the pattern of allegedly false disciplinary charges will lead to officers using violence against him. Based on

these past events, the petitioner moves the court for an interlocutory injunction directing the warden "to provide a safe non-hostile living environment were [sic] petitioner Denard-Darnell: Neal; Is Free From Staff Assaults, Free From Staff planting of weapons or drugs upon petitioner or personal property." Mot. Attach. 1, ECF No. 5-11.

Section 2241 habeas petitions are appropriate when an inmate seeks to challenge "the very fact or duration of his physical imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). A motion complaining about conditions of confinement is not challenging the fact or duration of the petitioner's imprisonment and, thus, is not properly before the court in this habeas action.[1] Therefore, the court will deny the petitioner's motion. An appropriate order will enter this day.

ENTER: This 10th day of April, 2019.

_____
Senior United States District Judge

---

[1] Claims that conditions of confinement are unconstitutional may be raised in a civil rights complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). If the petitioner wishes to file such an action, he must also comply with filing prerequisites, including exhaustion of available administrative remedies as required under 42 U.S.C. § 1997e(a) and making financial arrangements to pay the filing costs. See 28 U.S.C. § 1915(b).